IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MATTHEW TRAVIS ANDERSON,   )
                           )
         Plaintiff,        )
                           )
         v.                )      1:20CV915
                           )
ANTHONY PRIGNANO,          )
                           )
         Defendant(s).     )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that a serious flaw makes it impossible to further process the Complaint. The problem is:

1. Plaintiff's claims are unclear at this point. Plaintiff alleges that an unidentified court granted or ordered him work release and that Defendant is not allowing him to participate in a work release program because of concerns related to Covid-19. It is not clear what facts Plaintiff relies upon to establish a federal constitutional right to work release. Absent facts not alleged here, prisoners do not have a federal due process right to work release or any prison job. See Kitchen v. Upshaw, 286 F.3d 179, 186-87 (4th Cir. 2002); see also Roucchio v. Coughlin, 923 F. Supp. 360, 373-74 (E.D.N.Y. 1996) (citing cases that allow or disallow claims based on work release only in certain situations). Plaintiff may be attempting to rely on the court order he references. However, it is not clear whether that order actually ordered that he be given work release or only made him eligible for it if it is available. In any event, if Plaintiff is seeking to enforce a state court order, he would have to do that in the court that issued it. This Court does not enforce state court orders. Plaintiff must make the basis for any federal constitutional claim clear.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which sufficiently clarifies the claims raised in the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 13th day of September, 2021.

/s/ Joi Elizabeth Peake
United States Magistrate Judge